UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ZACHARY GROSSER,

        Defendant.
_____/

No. 1:21-cr-209

Hon. Jane M. Beckering
U.S. District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between Zachary Grosser and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.     <u>Defendant Agrees to Plead Guilty</u>. Defendant agrees to plead guilty to Counts 1 and 2 of the Indictment. Count 1 charges Defendant with Engaging in the Business of Manufacturing and Dealing Firearms Without a License, in violation of Title 18, United States Code, Section 922(a)(1)(A). Count 2 charges Defendant with Possession of a Firearm Not Registered in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5861(d).

2.     <u>Defendant Understands the Crimes</u>.

    a.     In order for Defendant to be guilty of violating Title 18, United States Code, Section 922(a)(1)(A), the following must be true: Defendant (1) was not licensed to deal or manufacture firearms; (2) nevertheless engaged in the business of doing so; and (3) knew his conduct was unlawful.

   b. In order for Defendant to be guilty of violating Title 26, United States Code, Section 5861(d), the following must be true: (1) Defendant knowingly possessed a firearm, namely, a rifle with a barrel of less than 16 inches in length (a short-barreled rifle); (2) the short-barreled rifle meets the definition of "firearm" under the National Firearms Act; (3) Defendant knew the rifle had a barrel of less than 16 inches; (4) the firearm was not registered to Defendant under the National Firearms Act; and (5) the firearm was, or could readily have been put in, operating condition.

Defendant is pleading guilty because he is guilty of the charges described above.

  3. <u>Defendant Understands the Penalties</u>. The statutory maximum sentence the Court can impose for a violation of Title 18, United States Code, Section 922(a)(1)(A), is the following: five years in prison, a three-year period of supervised release, a fine of $250,000, and a mandatory special assessment of $100. The statutory maximum sentence the Court can impose for a violation of Title 26, United States Code, Section 5861(d), is the following: ten years in prison, a three-year period of supervised release, a fine of $250,000, and a mandatory special assessment of $100. Defendant agrees to pay the special assessments at or before the time of sentencing unless Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

  4. <u>Supervised Release Defined</u>. Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part

of the term of supervised release, which could result in him serving a total term of imprisonment greater than the statutory maximum stated above.

5. <u>Asset Forfeiture and Financial Accountability</u>. Defendant agrees to fully cooperate with the federal government in the seizure and forfeiture of assets under Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), which include, among other things, any firearm or ammunition involved in or used in any knowing violations of Title 18, United States Code, Section 922(a)(1)(A) and Title 26, United States Code, Section 5861(d). Specifically, Defendant agrees to forfeit to the United States, hereinafter the "subject firearms":

a. Privately Made Firearm ("PMF") 9mm rifle with a barrel of approximately 9¼ inches in length, purple in color, without a serial number

b. PMF .45 caliber pistol (Rock Island Armory slide) without a serial number

c. PMF .45 caliber pistol, black with red in color, without a serial number

d. PMF Polymer 80 model PF940V2, 9mm, without a serial number

e. Palmetto State Armory Rifle, model PA-15, 7.62 caliber rifle, serial number SCD927268

f. Taurus, model 692, .357 revolver, serial number MT583374

g. Ruger, model Super Blackhawk, .44 caliber revolver, obliterated serial number

h. Browning, model Buck Mark, .22 caliber pistol, serial number 655NM14554

i. Ruger, model 10/22, .22 caliber rifle, serial number 359-48032

j. Savage, model 64, .22 caliber rifle, serial number L203691

k. Palmetto State Armory, model PA-15, AR receiver, serial number SCD927282

l. New England Firearms, model Pardner, .410 shotgun, serial number NF366282

The subject firearms were involved and used in Defendant's knowing violations of Title 18, United States Code, Section 922(a)(1)(A) and Title 26, United States Code, Section 5861(d). Defendant admits that the subject firearms are subject to forfeiture pursuant to Title 18, United States Code, Sections 924(d)(1) and Title 28, United States Code, Section 2461(c), and that the firearm listed as "a" is additionally subject to forfeiture pursuant to Title 26, United States Code, Section 5872(a) and Title 28, United States Code, Section 2461(c). Defendant consents to the entry of a preliminary order of forfeiture concerning the subject firearms at or before the time of sentencing.

Defendant also consents to the administrative forfeiture of the following additional firearms and ammunition by the Bureau of Alcohol, Tobacco, Firearms, and Explosives, hereinafter the "additional firearms":

(m) 1911-style semi-automatic pistol with no markings or serial number;

(n) Savage Arms 20 gauge shotgun, serial number 160683;

(o) bolt action Enfield rifle, serial number 809576; and

(p) .22 bolt action rifle, serial number 245182,

By consenting to administrative forfeiture, Defendant hereby waives any and all claims available to him in the administrative forfeiture proceeding, including any claim to timely notice and timely initiation of the administrative forfeiture proceeding. If the Bureau of Alcohol, Tobacco, Firearms, and Explosives cannot complete administrative forfeiture of the additional firearms, Defendant agrees to sign any paperwork necessary to abandon the additional firearms. If abandonment is not feasible, Defendant agrees to not contest a civil forfeiture action to forfeit the additional firearms and agrees not to assist any other

individual in filing a claim to the additional firearms. Defendant acknowledges that by pleading guilty to felony offenses, he will become a prohibited person and cannot legally possess the additional firearms in the future.

6. <u>Factual Basis of Guilt</u>. Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts, which need not be proven at the time of the plea or sentencing:

From summer 2018 through August 18, 2021, Defendant operated a business manufacturing and dealing firearms, including "ghost guns," without a license, despite knowing his conduct was illegal. Defendant's base of operations was a workshop in the basement of his home in Kalamazoo County, Michigan. Defendant made and sold at least two dozen firearms, including pistols, shotguns, and rifles. He made and sold at least 10 rifles without serial numbers, and dealt 15-24 firearms to people he believed were legally forbidden to possess them. The defendant also knowingly possessed additional firearms in connection with his illegal business, some of which he manufactured, and all of which enforcement seized from his residence on August 18, 2021. Defendant admitted that he knew he could not legally sell the firearms he built, but that he did so anyway.

Defendant also manufactured and possessed firearms for himself, including a rifle with a barrel measuring less than 16 inches in length—namely, a 9mm homemade "ghost gun" rifle, with a barrel of approximately 9 inches in length, purple in color, bearing no serial number. The defendant stored and displayed the rifle by mounting it to the wall of his workshop, and knew the rifle had a shortened barrel and no serial number. The rifle

was not registered to the defendant in the National Firearms Registration and Transfer Record, and was in operating condition when Defendant knowingly possessed it.

7. <u>Dismissal of Other Counts/Charges</u>. The U.S. Attorney's Office agrees to move to dismiss the remaining counts of the Indictment against Defendant at the time of sentencing. Defendant agrees, however, that in determining the sentence the Court may consider the dismissed counts in determining the applicable United States Sentencing Guidelines (the "Guidelines") range, where the sentence should fall within the applicable Guidelines range, and the propriety of any departure from the calculated Guidelines range. By this agreement, Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

8. <u>Acceptance of Responsibility</u>. The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

9. <u>Protection for the Proffered Statements</u>. The U.S. Attorney's Office agrees that information provided by Defendant through Defendant's proffer, will not be used by the Government to enhance Defendant's sentence, in accordance with Sentencing Guidelines § 1B1.8, and according to the terms of the written agreement entered into

between the parties immediately prior to the proffer. It is expressly understood, however, that such information may be used by the Government at sentencing if Defendant takes a position at sentencing that contradicts information provided by Defendant pursuant to this agreement or any proffer agreement.

10. <u>Prison Placement</u>. The U.S. Attorney's Office will not object to a request by Defendant that the Court recommend that Defendant be confined at any particular institution. Both parties acknowledge that the Bureau of Prisons, in its sole discretion, decides prison placement and that, while the Bureau often gives deference to a Court's recommendation, the Bureau is not required to follow the Court's recommendation.

11. <u>The Sentencing Guidelines</u>. Defendant understands that, although they are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory Choose an item. penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

12. <u>There is No Agreement About the Final Sentencing Guidelines Range</u>. Defendant and the U.S. Attorney's Office have no agreement as to the applicable Guidelines factors or the appropriate Guidelines range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments, and departures.

13. <u>Waiver of Constitutional Rights</u>. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

   a. The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

   b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

   c. The right to confront and cross-examine witnesses against Defendant.

   d. The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

   e. The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

**f.** By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

14. <u>Waiver of Other Rights</u>.

    a. <u>Waiver</u>. In exchange for the promises made by the government in entering this plea agreement, Defendant waives all rights to appeal or collaterally attack Defendant's conviction, sentence, or any other matter relating to this prosecution, except as listed below.

    b. <u>Exceptions</u>. Defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

        i. Defendant's sentence on any count of conviction exceeded the statutory maximum for that count;

        ii. Defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

        iii. the district court incorrectly determined the Guidelines range, if Defendant objected at sentencing on that basis;

        iv. Defendant's sentence is above the Sentencing Guidelines range as determined by the court at sentencing and is unreasonable;

        v. the guilty plea was involuntary or unknowing; and

        vi. an attorney who represented Defendant during the course of this criminal case provided ineffective assistance of counsel.

If Defendant appeals or seeks collateral relief, Defendant may not present any issue in the proceeding other than those described in this subparagraph.

15. <u>FOIA Requests.</u> Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16. <u>The Court is not a Party to this Agreement.</u> Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement. Defendant understands that no one — not the prosecutor, Defendant's attorney, or the Court — can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

17. <u>This Agreement is Limited to the Parties.</u> This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

18. <u>Consequences of Breach</u>. If Defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one year of the breach that gives rise to the termination of this agreement.

*This space left intentionally blank.*

## SIGNATURES TO ABOVE-REFERENCED PLEA AGREEMENT

MARK A. TOTTEN
United States Attorney

6/15/22
Date

*[signed]* James F. Burns For Patrick Castle
PATRICK J. CASTLE
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

6/15/22
Date

*[signed]* Zach Grosser
ZACHARY GROSSER
Defendant

I am Zachary Grosser's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

6/15/2022
Date

*[signed]*
DENO FOTEO
Attorney for Defendant