## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: July 10, 2023

Mr. Patrick James Castle
Office of the U.S. Attorney
Department of Justice
P.O. Box 208
Grand Rapids, MI 49501

Mr. Deno P. Fotieo
Fotieo Law
45 Parkview Drive, N.E.
Grand Rapids, MI 49503

    Re:  Case No. 22-1974, *USA v. Zachary Grosser*
         Originating Case No. : 1:21-cr-00209-1

Dear Counsel,

   The Court issued the enclosed opinion today in this case.

   Enclosed are the court's unpublished opinion and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

                                         Sincerely yours,

                                         s/Cathryn Lovely
                                         Opinions Deputy

cc:  Ms. Ann E. Filkins

Enclosures

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0308n.06

No. 22-1974

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 10, 2023
DEBORAH S. HUNT, Clerk

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| ZACHARY GROSSER, | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

Before: CLAY, KETHLEDGE, and LARSEN, Circuit Judges.

**CLAY, Circuit Judge.** Defendant Zachary Grosser pleaded guilty to engaging in the business of manufacturing and dealing firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A), 18 U.S.C. § 924(a)(1)(D), and 18 U.S.C. § 921(a), and to possession of a firearm not registered in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d), 26 U.S.C. § 5841(a), 26 U.S.C. §§ 5845(a)(3) and (c), and 26 U.S.C. § 5871. The district court sentenced Grosser to 144 months' imprisonment. Grosser appeals, arguing that the district court erred in applying a four-point enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B), which penalizes the use or possession of a firearm in connection with another felony offense. For the reasons that follow, we **AFFIRM** the district court's judgment.

No. 22-1974, *United States v. Grosser*

# BACKGROUND

## Factual Background

On June 7, 2020, law enforcement officers seized a privately made firearm without a serial number and were informed that Zachary Grosser supplied the firearm. On September 2, 2020, a confidential source informed investigators that Grosser traded firearms for methamphetamine. Further, the confidential source stated that Grosser purchased firearm parts without serial numbers from the internet and used a 3D printer to complete and assemble the firearms.

Law enforcement officers conducted several "trash pull" investigations at Grosser's known address. In addition to yielding evidence relevant to illicit firearm manufacturing, the investigations revealed evidence relevant to growing marijuana. During a trash pull on January 13, 2021, officers discovered "handwritten notes containing several items related to soil additives for growing plants," "two plastic bags containing marijuana residue," "numerous disposable cups with soil residue, coffee filters with marijuana residue, dried marijuana leaves, four empty butane bottles, approximately 50 garden stakes with names such as 'Blk Cherry,' 'Bruce Banner,' and 'Gorilla F---' written on them." (Presentence Investigation Report, R. 60, Page ID #284). During a trash pull on June 2, 2021, officers discovered "marijuana stems and seeds." (*Id.*). During a trash pull on August 3, 2021, officers discovered a "large quantity of marijuana cuttings consistent with growing marijuana," "[n]umerous marijuana plant stems and roots," "[t]wo empty bags of potting mix[,] two empty bottles of Fox Farm liquid plant food/fertilizer," "[p]ackaging for a pruner[,] numerous paper cups containing soil and marijuana residue[,] and multiple pairs of latex gloves." (*Id.*, Page ID #285).

On August 12, 2021, officers executed a search warrant at Grosser's address. Investigators recovered, among other evidence, three small marijuana plants located in the basement and eleven

No. 22-1974, *United States v. Grosser*

large marijuana plants located outside. During the search, Grosser "participated in a post-*Mirandized* interview with investigators" wherein Grosser "admitted to distributing marijuana from 2008 until approximately October 2020." (*Id.*, Page ID #286–87). Grosser admitted to distributing approximately four pounds of marijuana for $80 per ounce from October 2019 to October 2020. Grosser stated that he had stopped selling marijuana, but admitted that the marijuana discovered in the residence and on the property belonged to him.

## Procedural Background

On December 7, 2021, a federal grand jury indicted Grosser on four counts: (1) engaging in the business of manufacturing and dealing firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(D), and 921(a); (2) possession of a firearm not registered in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5861(d), 5841(a), 5845(a)(3) and (c), 5871; (3) possession of a firearm under the National Firearms Act not identified by a serial number, in violation of 26 U.S.C. §§ 5861(i), 5841(a), 5845(a)(3) and (c), 5871; (4) possession of a firearm with a removed, obliterated, or altered serial number, in violation of 18 U.S.C. §§ 922(k), 924(a)(1)(B), and 921(a).

In June 2022, Grosser pleaded guilty to the first two counts of the indictment pursuant to a written plea agreement. In the plea agreement, Grosser agreed and stipulated to the following facts:

> From summer 2018 through August 18, 2021, Defendant operated a business manufacturing and dealing firearms, including "ghost guns," without a license, despite knowing his conduct was illegal. Defendant's base of operations was a workshop in the basement of his home in Kalamazoo County, Michigan. Defendant made and sold at least two dozen firearms, including pistols, shotguns, and rifles. He made and sold at least 10 rifles without serial numbers, and dealt 15–24 firearms to people he believed were legally forbidden to possess them. The defendant also knowingly possessed additional firearms in connection with his illegal business, some of which he manufactured, and all of which enforcement seized from his

> residence on August 18, 2021. Defendant admitted that he knew he could not legally sell the firearms he built, but that he did so anyway.
>
> Defendant also manufactured and possessed firearms for himself, including a rifle with a barrel measuring less than 16 inches in length—namely, a 9mm homemade "ghost gun" rifle, with a barrel of approximately 9 inches in length, purple in color, bearing no serial number. The defendant stored and displayed the rifle by mounting it to the wall of his workshop, and knew the rifle had a shortened barrel and no serial number. The rifle was not registered to the defendant in the National Firearms Registration and Transfer Record, and was in operating condition when Defendant knowingly possessed it.

(Plea Agreement, R. 53, Page ID #199–200).

The presentence investigation report assessed a four-point enhancement for the use or possession of a firearm in connection with another felony offense pursuant to U.S.S.G. § 2K2.1(b)(6)(B) because Grosser's firearm offenses occurred during a concurrent time frame and in the same location as Grosser's admitted conduct of distributing marijuana. Grosser objected to the application of the enhancement.

At the sentencing hearing, the district court overruled Grosser's objection and applied the enhancement pursuant to § 2K2.1(b)(6)(B). The district court relied on the following facts:

- Grosser "admitted that he was distributing marijuana from 2008 until October 2020," and "summer of 2018 to August 18, 2021, is the time period in which Mr. Grosser pled guilty to engaging in business of manufacturing and dealing firearms without a license," yielding "a plus two year overlap" during which Grosser was "selling and distributing guns and distributing marijuana." (Sentencing Hr'g Tr., R. 78, Page ID #405–06).

- Grosser admitted "that he had sold in that time frame, which is 2018 to 2020, four pounds of marijuana at $80 an ounce." (*Id.*, Page ID #406).

- Grosser "admits that the marijuana on the property and in the residence belonged to him," including "three plants, small plants in the basement, and 11 plants in the backyard." (*Id.*).

No. 22-1974, *United States v. Grosser*

- During a January 2021 trash search, investigators found a "note regarding soil additives for growing plants, two plastic baggies with marijuana residue, numerous disposal cups with soil residue, coffee fillers—filters with marijuana residue, dried marijuana leaves, 50 garden stakes with different labels. . . ." (*Id.*, Page ID #406–07).

- During a June 2021 trash search, investigators found "marijuana stems and seeds." (*Id.*, Page ID #407).

- During an August 2021 trash search, investigators found "a large quantity of marijuana cuttings consistent with growing marijuana, numerous plant stems and roots of marijuana, two empty bags of potting mix, two empty bottles of a farm liquid plant fertilizer, packaging for a pruner, numerous cups containing soil and marijuana residue." (*Id.*).

Based on these facts, the district court concluded that Grosser was engaged in the "active distribution of marijuana" and therefore engaged in drug trafficking. (*Id.*, Page ID #406–407). Accordingly, based on the overlap in time between Grosser's firearm offenses and drug trafficking activity, the district court held that the enhancement applied to Grosser.

Having applied the enhancement pursuant to § 2K2.1(b)(6)(B), the district court calculated that Grosser had a total offense level of 32 and a criminal history category of II, yielding a sentencing guidelines range of 135 to 168 months' imprisonment. The district court sentenced Grosser to 144 months' imprisonment. Grosser timely appealed.

## DISCUSSION

On appeal, Grosser challenges the district court's application of the four-point enhancement for possessing a firearm "in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). We review a district court's sentence for procedural and substantive reasonableness, applying the abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51

No. 22-1974, *United States v. Grosser*

(2007).  Our review of procedural reasonableness includes determining whether the district court properly calculated a defendant's Guidelines range.  *See id.*  In the specific context of the § 2K2.1(b)(6)(B) firearm enhancement, "we review the district court's factual findings for clear error and accord 'due deference' to the district court's determination that the firearm was used or possessed 'in connection with' the other felony, thus warranting the application of the . . . enhancement."  *United States v. Taylor*, 648 F.3d 417, 432 (6th Cir. 2011).  Applying this standard of review, we conclude that the record supports applying the enhancement.

The 2K2.1(b)(6)(B) enhancement applies to defendants who "used or possessed any firearm . . . in connection with another felony offense; or possessed or transferred any firearm . . . with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense."  U.S.S.G. § 2K2.1(b)(6)(B).  The application notes to 2K2.1 specify that the four-point enhancement should apply "if the firearm . . . facilitated, or had the potential of facilitating, another felony offense."  U.S.S.G. § 2K2.1 cmt. 14(A).  The government bears the burden of establishing the factors supporting this enhancement by a preponderance of the evidence.  *United States v. Mukes*, 980 F.3d 526, 533 (6th Cir. 2020).

"[T]he government must prove that there was a nexus between the firearms and the other felony offense."  *United States v. Ennenga*, 263 F.3d 499, 503 (6th Cir. 2001).  One way in which the government may "demonstrate[e] this nexus is through the fortress theory, 'which applies where a defendant has used a firearm to protect the drugs, facilitate a drug transaction, or embolden himself while participating in felonious conduct.'"  *United States v. Shields*, 664 F.3d 1040, 1044 (6th Cir. 2011) (quoting *United States v. Huffman*, 461 F.3d 777, 788 (6th Cir. 2006)).  When the other felony offense is drug trafficking, close proximity between the firearm and the drugs can be sufficient to apply the enhancement.  *Id.*; *see also* U.S.S.G. § 2K2.1 cmt. 14(B) (explaining that in

- 6 -

No. 22-1974, *United States v. Grosser*

the case of drug trafficking, the enhancement applies if the firearm was "found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia"). When a firearm is used or possessed in connection with drug trafficking, the enhancement "is warranted because the presence of the firearm has the potential of facilitating another felony offense." U.S.S.G. § 2K2.1, cmt. 14(B); *but see United States v. Hardin*, 248 F.3d 489, 496 (6th Cir. 2001) (holding that "proof that narcotics and firearms were present in the same residence, or even in the same room" does not automatically trigger the enhancement).

    The district court applied the enhancement to Grosser based on the fortress theory, reasoning that Grosser was engaged in the drug trafficking of marijuana and that the firearms were in close proximity to Grosser's marijuana operation. The district court identified the factual basis for its ruling, as established through Grosser's admissions to investigators, Grosser's stipulation in the plea agreement, and facts in the presentence investigation report. *See* Fed. R. Crim. P. 32(i)(3)(A) (at sentencing, the district court "may accept any undisputed portion of the presentence report as a finding of fact"). This factual basis included the overlapping time between Grosser's firearm offenses and his admitted distribution of marijuana (summer 2018 to October 2020) and the officers' discovery of marijuana plants at Grosser's residence, including in the basement, which was the "base of operations" for Grosser's firearm offenses. The factual basis also included the three trash pulls in 2021, which yielded evidence of marijuana growing at Grosser's residence.

    Given this factual basis, we conclude that the district court did not err in finding that a preponderance of the evidence supported the application of the enhancement. Grosser's arguments to the contrary on appeal are unpersuasive.

No. 22-1974, *United States v. Grosser*

First, Grosser argues that he possessed only a small quantity of drugs. However, Grosser admitted to selling four pounds of marijuana over a year and the trash pulls yielded evidence of marijuana growing—these facts provide a sufficient basis to support the district court's finding that Grosser was engaged in drug trafficking. Grosser next argues that there was insufficient evidence of proximity of the firearms to the marijuana. However, investigators found marijuana plants in the basement of Grosser's residence, which is where Grosser's workshop and "base of operations" for his illicit firearm manufacturing was located. The trash pulls yielded evidence of marijuana growing at the same residence from which Grosser was manufacturing and dealing firearms, and during the same time frame. These facts provide a sufficient basis for the district court's finding that the firearms were in close proximity to the drugs.

Finally, Grosser argues that any proximity of firearms and marijuana was "merely coincidental." "[P]roximity that is merely coincidental is not enough for application of § 2k2.1(b)(6) when a defendant merely possessed drugs." *Shields*, 664 F.3d at 1045. However, "close proximity between a firearm and drugs will suffice to justify the enhancement when an offender is engaged in drug trafficking." *Id.* In this case, the district court did not err in determining that Grosser was engaged in drug trafficking and that the drugs were in close proximity to the firearms. Accordingly, the district court correctly determined that there was a nexus between firearms and the other felony offense.

We therefore affirm the application of the four-point enhancement of § 2k2.1(b)(6), and hold that Grosser's sentence was procedurally reasonable. In addition to his procedural reasonableness challenge, Grosser purports to challenge his sentence on the additional ground that it was substantively unreasonable. However, Grosser does not develop this issue on appeal, and has therefore abandoned it. *See United States v. Hendrickson*, 822 F.3d 812, 829 n.10 (6th Cir.

No. 22-1974, *United States v. Grosser*

2016) ("A party may not raise an issue on appeal by 'mention[ing it] . . . in the most skeletal way, leaving the court to . . . put flesh on its bones.'").

## CONCLUSION

For the reasons stated above, we **AFFIRM** the district court's judgment.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 22-1974

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ZACHARY GROSSER,

    Defendant - Appellant.

> **FILED**
> Jul 10, 2023
> DEBORAH S. HUNT, Clerk

Before: CLAY, KETHLEDGE, and LARSEN, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.

THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is AFFIRMED.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk